IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2006 JUL 17 PM 4: 20

| | |
|---|---|
| KB TOYS, INC., ET. AL., ) | |
| ) | |
| Debtor, ) | |
| ) | |
| RESIDUAL TRUSTEE, ON BEHALF OF ) | |
| THE KBTI TRUST, ) | Civil Action No. 06-363-KAJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE UPPER DECK COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

### I.  INTRODUCTION

Before me is a Motion to Withdraw the Reference to the Bankruptcy Court, filed by The Upper Deck Company, LLC ("Upper Deck"). (Docket Item ["D.I"] 1; the "Motion".) The residual trustee, the KBTI Trust ("KBTI"), has made a limited objection to the Motion, taking the position that the Motion is premature and judicial economy would be best served by allowing the Bankruptcy Court to handle the pre-trial matters. (D.I. 2 at 1). Jurisdiction is appropriate under 28 U.S.C. § 1334(a). For the reasons that follow, Upper Deck's Motion to Withdraw the Reference to the Bankruptcy Court is denied at this time.

### II.  BACKGROUND

On or about January 14, 2004 the Debtor, KB Toys Inc., et al. ("KB Toys"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code. (D.I.

1 at 1.) On August 18, 2005, KBTI was established pursuant to KB Toy's first amended plan of reorganization. (*Id* at 2.) On January 12, 2006, KBTI filed a complaint, pursuant to § 547 of the Bankruptcy Code, seeking the recovery of certain payments made by KB Toys to Upper Deck. (*Id* at 2.) On May 8, 2006, Upper Deck filed the Motion at issue here and a Demand for Jury Trial. (*Id* at 2.) In response, KBTI asserts that the Motion is premature and, in the interest of judicial economy, asks that the Bankruptcy Court, which is handling approximately two-hundred eighty similar core actions, continue to preside over the case through the pretrial period, until such time as the case is ready for trial. (D.I. 2 at 2.) Upper Deck argues in reply that, because the Bankruptcy Court cannot conduct a jury trial in these proceedings, the Motion should be granted immediately. (D.I. 3 at 2.)

## III.    DISCUSSION

A motion to withdraw the reference is a decision left to the discretion of the district court. "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157. This permissive standard allows the court to withdraw the reference, provided that the movant meets its burden of showing "cause" for the withdrawal. *NDE Corp. V. Handl-It, Inc.*, 203 B.R. 905, 907 (D.Del. 1996). A showing of "cause" is the product of balancing several factors.

The assertion of a right to a jury trial is one factor used to determine whether "cause" exists. *Id*. At 907-908. However, "[a] Defendant's right to a jury trial ... will not be adversely affected by having the Bankruptcy Court preside over pretrial matters until the case is ready to be tried in the District Court." *Wakefern Food Corp. v. C & S*

*Wholesale Grocers, Inc. In re Big V Holding Corp.*, No. 00-04372, 01-758, 01-233, 2002 WL 1482392, at *6 (D. Del. 2002). Other districts in the Third Circuit have made similar findings. *See General Electric Capital Corporation v. Teo*, No. 01-CV-1686, 2001 WL 1715777, *5 (D.N.J. 2001) ("There is no reason why the Bankruptcy Court may not preside over an adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.").

The Third Circuit has stated that the following factors should be considered in determining if sufficient "cause" exists to order withdrawal: "the goals promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruit*, 910 F.2d 1160, 1168 (3d Cir. 1990). The above factors are not exhaustive, however; they represent certain minimum standards. *NDEP Corp.*, 203 B.R. at 908. Relevant considerations may also include judicial economy and whether the proceedings involve core or non-core issues. *Hatzel & Buehler inc. v. Orange & Rockland Util., Inc.*, 107 B.R. 34, 39 (D. Del 1989). Judicial economy is an especially important consideration. *See Wakefern Food Corp.*, 2002 WL 1482392, at *4 (denying defendant's motion to withdraw the reference, in part because of the bankruptcy court's familiarity with the facts and legal issues of the case); *General Electric Capital Corporation*, 2001 WL 1715777, at *5 (ruling that removal of the proceedings pre-discovery was unwarranted and noting the bankruptcy court's familiarity with the facts of the case and the resources available to that court).

Upper Deck argues that the assertion of their right to a jury trial is sufficient cause for immediate removal of the proceedings. That assertion, however, is not supported by logic or the case law in this district, as noted. Upper Deck's right to a jury trial will not be affected by the Bankruptcy Court conducting the pretrial proceedings.

Although Upper Deck claims that judicial economy is best served by the immediate removal of the proceedings, the contrary is true. Upper Deck's Motion can be better addressed if and when the case is ready to proceed at trial. The initial action against Upper Deck was filed in the Bankruptcy Court some 6 months ago. Similar to the facts in *Wakefern* and *General Electric*, the Bankruptcy Court has had significant time to familiarize itself with the underlying facts of this case and has already entered a scheduling order governing discovery and mediation. Further, the Bankruptcy Court has the necessary resources to preside over the initial stages of these proceedings in an efficient and effective manner. Upper Deck has not provided any persuasive reason why this case requires immediate removal to this Court.

## V.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Motion is DENIED, without prejudice to Upper Deck's right to renew the Motion at the conclusion of pre-trial proceedings.

UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
July 17, 2006